UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAMON J. STAMPS                                              CIVIL ACTION

VERSUS                                                       NO. 12-1049

DEPUTY Q. WALKER                                             SECTION "N"(3)

### REPORT AND RECOMMENDATION

Plaintiff, Damon J. Stamps, filed this civil action pursuant to 42 U.S.C. § 1983 against Deputy Quivona Walker. In the complaint, plaintiff's claim, in its entirety, is stated as follows:

> On October 28, 2011, Deputy Q. Walker, while employed at Jefferson Parish Correctional Center, acted alone when she used the prison cell bars as a weapon to subdue me with cruel and unusual punishment that was not warranted by disciplinary action or under exigent circumstances. Deputy Q. Walker hit me repeatedly with the cell bars, once in the chest and once on my left side, after I asked her to let me in my cell so that I could get my clothes to take a shower.[1]

Defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] Plaintiff opposes that motion.[3]

---

[1]   Rec. Doc. 3, p. 5.

[2]   Rec. Doc. 19.

[3]   Rec. Doc. 23.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." <u>Taita Chemical Co., Ltd. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp.</u>, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); <u>see also</u> <u>Provident Life and Accident Ins. Co. v. Goel</u>, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." <u>Ragas v. Tennessee Gas Pipeline Co.</u>, 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. <u>Id.</u>; <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1429 (5th Cir. 1996).

Moreover, "summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

It is unclear from the record whether, at the time this incident occurred, plaintiff was a pretrial detainee or a convicted inmate. If he was the former, his claim arises under the Fourteenth Amendment; if he was the latter, his claim arises under the Eighth Amendment. However, that distinction is not critical here, in that, "[r]egardless, the standard is the same." Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993). Therefore, with respect to an excessive force claim arising in this context, the central issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993).

In her motion for summary judgment, the defendant focuses on an essential element missing from plaintiff's claim, i.e. an injury. As she notes, an excessive force claim generally is not cognizable unless an injury resulted. While such an injury need not be "significant," the inmate still "must have suffered at least *some* injury." Jackson, 984 F.2d at 700 (emphasis added); see also Haddix v. Kerss, 203 Fed. App'x 551, 554 (5th Cir. 2006); Groves v. Gusman, Civ. Action No. 09-7431, 2011 WL 1459775, at *7 (E.D. La. Mar. 4, 2011) (Roby, M.J.), adopted, 2011 WL 1463612 (E.D. La. Apr. 15, 2011) (Engelhardt, J.). Where there was no injury, the use of physical force is considered *de minimis* and therefore "not repugnant to the conscience of mankind" so as to implicate the federal constitution. Jackson, 984 F.2d at 700.

3

The defendant argues that plaintiff failed to allege in the complaint that he suffered any injury whatsoever as a result of this incident. That it clearly correct. Moreover, despite being placed on notice of that defect by virtue of the defendant's motion, plaintiff still has made no effort to remedy it. On the contrary, in his opposition to the motion for summary judgment, he instead notes that a *significant* injury is not necessary. While that point is valid, it nevertheless is not responsive to the defendant's equally valid point that, as explained, at least *some* injury is required for an excessive force claim to be actionable.

Because plaintiff has failed even to allege, much less point to any evidence showing, that he sustained any injury whatsoever, and because such an injury is an essential element of his claim, the defendant is entitled to judgment as a matter of law.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the defendant's motion be **GRANTED** and that plaintiff's claim be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this third day of April, 2013.

                                                           **DANIEL E. KNOWLES, III**
                                                           **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

5